IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DWAYNE TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO.: |
| TASMAN EYE CONSULTANTS, P.C. ) | _____ |
| and DR. STUART TASMAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

PLAINTIFF DWAYNE TURNER ("Plaintiff") hereby files this Complaint against DEFENDANTS TASMAN EYE CONSULTANTS, P.C. and DR. STUART TASMAN ("Defendants") and for this cause of action states the following:

### NATURE OF THE CLAIM

1. Plaintiff brings this action to redress Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. This action seeks damages for unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

## THE PARTIES

5. Plaintiff Turner is a resident of Georgia and was employed by Defendants at Defendants' office in Kennesaw, Georgia as an optician for nearly 13 years until the termination of his employment on August 3, 2015.

6. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

7. At all times relevant to this action, Defendant Tasman Eye Consultants is and has been a medical eye care practice owned and operated by

Defendant Tasman. It is organized under the laws of the State of Georgia and its principal place of business is located in this judicial district in Kennesaw, Georgia.

8. At all times relevant to this action, Defendant Tasman Eye Consultants was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

9. Upon information and belief, at all relevant times, Defendant Tasman was the owner of Defendant Tasman Eye Consultants and was a resident of the state of Georgia.

10. At all times relevant to this action, Defendant Tasman was involved in the day-to-day operations and had substantial operational control over Defendant Tasman Eye Consultants.

11. At all times relevant to this action, Defendant Tasman acted in the interest of an employer toward Plaintiff.

12. Specifically, Defendant Tasman exercised responsibility and control over Plaintiff's compensation and terms of employment. He made the decision to hire and to fire Plaintiff, set Plaintiff's work hours, controlled the work that Plaintiff performed, and decided on Plaintiff's rate of pay and increases thereto, as well as promotions and discipline.

13. Therefore, Defendant Tasman may be held liable in his individual capacity for the violations discussed herein.

14. At all times relevant to this action, Defendants were Plaintiff's employer within the definition of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

15. At all times relevant to this action, Defendants classified Plaintiff as exempt for FLSA purposes and paid him a specified weekly salary.

16. At all times relevant to this action, Plaintiff was a non-exempt employee within the meaning of the FLSA and was subject to the overtime provisions of the FLSA.

17. While working for Defendants as an optician, Plaintiff spent the vast majority of his working hours filling customer orders for lenses pursuant to prescriptions written by the customers' optometrists and carrying out sales responsibilities by consulting with customers regarding frames for their glasses.

18. At all times relevant to this action, Plaintiff did not perform work that was of a bona fide executive, administrative, or professional nature, or that would otherwise exempt him from the application of overtime provisions of the FLSA.

19. At all times relevant to this action, Plaintiff regularly worked hours in excess of 40 hours per workweek for which Defendants failed to compensate him

properly. Plaintiff's supervisors were aware of the hours Plaintiff worked for which he was not properly compensated.

20. Defendants knew that Plaintiff was performing this work because Plaintiff's supervisor, Defendant Tasman, often was present at the times that Plaintiff performed the work and often ordered Plaintiff to perform this work.

21. As a result of these actions, Defendants failed to credit and pay Plaintiff properly for all overtime hours he worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

22. At all times relevant to this action, Defendants failed to keep accurate time records for all hours worked by Plaintiff.

23. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff in accordance with the FLSA.

24. Plaintiff has retained The Weiner Law Firm LLC to represent him in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

25. Plaintiff has consented to participate in this action. [Ex. 1.]

## COUNT 1

### (Overtime Compensation Due Under 29 U.S.C. § 207)

26. Plaintiff re-alleges paragraphs 1-25 above and incorporates them here by reference.

27. By engaging in the conduct described above, Defendants failed to pay Plaintiff at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

28. Defendants' actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

29. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award him:

i. a judgment against Defendants;

ii. damages in the amount of his unpaid overtime wages and an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii. prejudgment interest;

iv. costs of suit, including expenses incurred herein;

v. reasonable attorneys' fees; and

vi. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: August 17, 2015

>By: /s/ Andrew L. Weiner
>Andrew L. Weiner
>Georgia Bar No. 808278
>Jeffrey B. Sand
>Georgia Bar No. 181568
>THE WEINER LAW FIRM LLC
>3525 Piedmont Road
>7 Piedmont Center, 3rd Floor
>Atlanta, Georgia 30305
>(404) 205-5029 (Tel.)
>(404) 254-0842 (Tel.)
>(866) 800-1482 (Fax)
>aw@atlantaemployeelawyer.com

8

js@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFF