## **EXHIBIT 1**

## FLSA SETTLEMENT AGREEMENT

This FLSA Settlement Agreement ("Agreement"), is entered into by and among Tasman Eye Consultants, P.C. ("Tasman Eye"), Dr. Stuart Tasman ("Dr. Tasman") (Tasman Eye and Dr. Tasman, collectively the "Defendants"), and Dwayne Turner ("Turner") (Defendants and Turner, collectively the "Parties"), effective as of October 19, 2015 (the "Effective Date").

WHEREAS, on August 17, 2015, Turner filed a lawsuit against the Defendants in the United States District Court for the Northern District of Georgia, Atlanta Division, entitled <u>Dwayne Turner v. Tasman Eye Consultants P.C. and Dr. Stuart Tasman</u>, Case No. 1:15-cv-02897-SCJ (the "Lawsuit");

WHEREAS, Turner alleges in the Lawsuit that Defendants misclassified him as exempt from the Fair Labor Standards Act's overtime requirements and allegedly failed to pay him overtime compensation;

WHEREAS, the Defendants deny any and all wrongdoing and liability to Turner whatsoever, and deny each and all of the claims asserted by Turner in the Lawsuit;

WHEREAS, the Parties desire to fully and finally compromise and settle all disputes between them, including, but not limited to, the Lawsuit; and

WHEREAS, the Defendants shall provide Turner with the consideration set forth in this Agreement in exchange for Turner's dismissal of the Lawsuit, release of the Defendants, and Turner's execution of and compliance with this Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree:

1)      Settlement Payment.  Provided that Turner satisfies the conditions of this Agreement, the Defendants shall pay: (a) Turner a settlement payment equal to $1,065.00, minus all applicable withholdings, representing alleged wage income, (b) Turner a settlement payment equal to $1,065.00, with no withholdings, representing alleged liquidated damages, and (c) The Weiner Law Firm LLC a lump sum attorneys' fees payment equal to $1,620.00 ((a), (b) and (c) collectively, the "Settlement Payment").  The Settlement Payment shall be paid within ten (10) business days after the later of (1) any of the Defendants' receipt of this Agreement signed by Turner, and (2) the date on which the Court dismisses the Lawsuit with prejudice.  An IRS Form 1099 shall be issued to The Weiner Law Firm LLC.

2)      Release.  In exchange for the Settlement Payment set forth above, Turner hereby irrevocably releases and discharges the Defendants[1] from any and all claims, actions, causes of action or liability, whether known or unknown, occurring on or before the day Turner signs this Agreement, arising out of the Fair Labor Standards Act, as amended.

3)      No Admission of Liability.  This Agreement is not an admission of liability by the Defendants[1].  The Defendants deny any liability whatsoever.  The Defendants enter into this Agreement with Turner to fully and finally compromise and settle all disputes between the Defendants and Turner, including, but not limited to, the Lawsuit.

4)      Attorneys' Fees.  In the event of litigation relating to this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs of litigation, in addition to all other remedies available at law or in equity.

5)      Governing Law/Consent to Jurisdiction.  The laws of the State of Georgia shall govern this Agreement.  If Georgia's conflict of law rules would apply another state's laws, the Parties agree that Georgia law shall still govern.  The Parties agree that any and all claims arising out of or relating to this Agreement shall be (i) brought in the Superior Court of Fulton County, Georgia, or (ii) brought in or removed to the United States District Court for the Northern District of Georgia, Atlanta Division.  The Parties consent to the personal jurisdiction of the courts identified above.  The Parties

---

[1] For purposes of Sections 2 and 3, the term "Defendants" includes the Defendants, the Defendants' parents, subsidiaries, affiliates and all related companies, as well as each of their respective officers, directors, shareholders, members, managers, employees, agents and any other representatives, any employee benefits plan, and any fiduciary of those plans.

1

waive (i) any objection to jurisdiction or venue, or (ii) any defense claiming lack of jurisdiction or venue, in any action brought in such courts. Notwithstanding the foregoing, the Parties acknowledge and agree that this Agreement shall be binding and in force throughout the world.

6)     Entire Agreement. This Agreement constitutes the entire and only agreement between Turner, on the one hand, and the Defendants, on the other hand, concerning Turner's wage-related claims. This Agreement supersedes any prior communications, agreements or understandings, whether oral or written, between Turner, on the one hand, and the Defendants, on the other hand, arising out of or relating to the subject matter of this Agreement. Other than this Agreement, no other representation, promise or agreement has been made with Turner to cause Turner to sign this Agreement.

7)     Amendments. This Agreement may not be amended or modified except in writing signed by each of the Defendants and Turner.

8)     Successors and Assigns. This Agreement shall be assignable to, and shall inure to the benefit of, the successors and assigns of each of the Defendants, including, without limitation, successors through merger, name change, consolidation, or sale of a majority stock or assets, and shall be binding upon Turner and Turner's heirs and assigns.

9)     Voluntary Agreement. Turner acknowledges the validity of this Agreement and represents that Turner has the legal capacity to enter into this Agreement. Turner acknowledges that Turner has carefully read this Agreement, knows and understands the terms and conditions, including its final and binding effect, and signs it voluntarily.

10)    Execution in Counterparts. The Parties acknowledge and agree that this Agreement may be executed in one or more counterparts, including facsimiles and scanned images, and it shall not be necessary that the signatures of all Parties hereto be contained on any one counterpart, and each counterpart shall constitute one and the same agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date.

Dr. Stuart Tasman

Date: 10/15/15

Tasman Eye Consultants, P.C.

By:

Its: owner

Date: 10/19/15

Dwayne Turner

Date:

waive (i) any objection to jurisdiction or venue, or (ii) any defense claiming lack of jurisdiction or venue, in any action brought in such courts. Notwithstanding the foregoing, the Parties acknowledge and agree that this Agreement shall be binding and in force throughout the world.

6)      Entire Agreement. This Agreement constitutes the entire and only agreement between Turner, on the one hand, and the Defendants, on the other hand, concerning Turner's wage-related claims. This Agreement supersedes any prior communications, agreements or understandings, whether oral or written, between Turner, on the one hand, and the Defendants, on the other hand, arising out of or relating to the subject matter of this Agreement. Other than this Agreement, no other representation, promise or agreement has been made with Turner to cause Turner to sign this Agreement.

7)      Amendments. This Agreement may not be amended or modified except in writing signed by each of the Defendants and Turner.

8)      Successors and Assigns. This Agreement shall be assignable to, and shall inure to the benefit of, the successors and assigns of each of the Defendants, including, without limitation, successors through merger, name change, consolidation, or sale of a majority stock or assets, and shall be binding upon Turner and Turner's heirs and assigns.

9)      Voluntary Agreement. Turner acknowledges the validity of this Agreement and represents that Turner has the legal capacity to enter into this Agreement. Turner acknowledges that Turner has carefully read this Agreement, knows and understands the terms and conditions, including its final and binding effect, and signs it voluntarily.

10)     Execution in Counterparts. The Parties acknowledge and agree that this Agreement may be executed in one or more counterparts, including facsimiles and scanned images, and it shall not be necessary that the signatures of all Parties hereto be contained on any one counterpart, and each counterpart shall constitute one and the same agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date.

**Dr. Stuart Tasman**                                          **Dwayne Turner**

_____                              _____

Date: _____                                   Date: 10/20/2015

**Tasman Eye Consultants, P.C.**

By: _____

Its: _____

Date: _____

2